**Fidadelfo Ceferino CALDERON-
CARILLO, Petitioner,**

v.

**Jefferson B. SESSIONS III, Attorney
General, Respondent.**

**No. 15-73490**

United States Court of Appeals,
Ninth Circuit.

---

734

Submitted October 23, 2017 *

Filed October 27, 2017

Douglas Jalaie, Esquire, Attorney, The Law Office of Douglas Jalaie, Los Angeles, CA, for Petitioner

OIL, Jonathan Aaron Robbins, Esquire, Trial Attorney, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent

Before: McKEOWN, WATFORD, and FRIEDLAND, Circuit Judges.

## MEMORANDUM **

Fidadelfo Ceferino Calderon-Carillo, a native and citizen of Guatemala, petitions for review of an immigration judge's ("IJ") determination under 8 C.F.R. § 1208.31(a) that he did not have a reasonable fear of persecution or torture and thus is not entitled to relief from his reinstated removal order. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the IJ's factual findings, *Andrade-Garcia v. Lynch*, 828 F.3d 829, 833 (9th Cir. 2016), and we deny the petition for review.

Substantial evidence supports the IJ's conclusion that Calderon-Carillo failed to establish a reasonable possibility of future persecution in Guatemala on account of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An [applicant's] desire to be free from harass-

ment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground.").

Substantial evidence also supports the IJ's conclusion that Calderon-Carillo failed to demonstrate a reasonable possibility of torture by or with the consent or acquiescence of the Guatemalan government. *See Andrade-Garcia*, 828 F.3d at 836-37.

We do not consider the materials Calderon-Carillo references for the first time in his opening brief that are not part of the administrative record. *See Fisher v. INS*, 79 F.3d 955, 963 (9th Cir. 1996) (en banc) (court's review is limited to "the administrative record upon which the [removal] order is based") (internal quotation and citation omitted).

**PETITION FOR REVIEW DENIED.**

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

